19-590. Counsel for the appellant, Ms. Drake. Thank you, Your Honor. Good morning, and may it please the Court. My name is Jameisa Drake, and I represent the appellant, Aaron Hicks. With the Court's permission, I'd like to begin with my first point, the issue preclusion argument. My argument has three logical steps. First, Hicks' first jury resolved an issue in his favor. As the District Court noted, and as the government conceded below, the jury acquitted Hicks of conspiracy to traffic in cocaine and cocaine-based. Number two, Hicks instructs that the government is prohibited from relitigating issues necessarily resolved in Hicks' favor. Importantly, the District Court determined that the jury's verdict reflected its belief that a cocaine conspiracy existed, but that Hicks did not participate in it. And then third, insofar as the RICO conspiracy charge is concerned, this means three things. A, a RICO conspiracy is broader than just a basic narcotics conspiracy, and so there's no issue preclusion problem with retrying the RICO conspiracy charge. Hicks conceded as much in the District Court. B, the government could prove that the racketeering scheme involved cocaine trafficking. The government could prove that Hicks knew the Shule Boys organization engaged in cocaine trafficking, and it could prove that other members of the enterprise trafficked in cocaine. Proof of cocaine trafficking by other members was admissible to prove Hicks' knowledge of the overall goals of the organization, or to prove the pattern element. But, this is C, and the... Ms. Drake, this is Judge Lillian. Yes, Your Honor. Is this a structural error, or is this an error that's subject to harmless error analysis or plain error analysis? Because what I see, just to put at least my basic cards on the table, is a reference in the summation to your client's membership, argued membership, in the conspiracy with Mr. Travis and Mr. Contreras, I believe. And that seems to me to be the possible error, but my overall question is, is this double jeopardy issue a structural error, or is it subject to some other form of error analysis? Well, Your Honor, certainly our first preference would be for this court to decide that it's a structural error. Well, I'm not asking for preferences. I'm asking, what is this? What is the error that you are identifying, and how should we consider it? Right. I have characterized this as a violation of the issue preclusion component of the double jeopardy clause. I believe that, you know, based on the case law, I believe that that would be subject to a harmless error analysis. Okay. So, if it's subject to harmless error analysis, first, there was no objection, by the way, to the summation part. I didn't see an objection necessarily to the introduction of any evidence relating to the Contreras-slash-Travis conspiracy. So, is that right, first of all? There was no objection during the second trial. Okay. And your point is, well, of course, we had all of this preliminary pretrial argument back and forth, but there was no objection during the trial. And so, why can't we consider, in connection with the harmless error analysis, all of the evidence, including, by the way, I think, evidence of your client's own acknowledgment that he not only participated in, but was a central figure in a marijuana conspiracy? In connection with the RICO conspiracy conviction? So, Your Honor, I suppose I would take a wide-angle view of this case and suggest that the jury, both the first jury and the second jury, were fairly unimpressed with the strength of the government's argument. The first jury got an ale in charge. They hung on the RICO conspiracy. So, okay. I'm sorry to interrupt, but when you said wide-angle view, I thought you were going to answer my question. Was the evidence relating to the marijuana conspiracy sufficient, let's put it that way, to support the RICO conspiracy conviction? It was not. Okay. Why not? Mr. Hicks' testimony at the first trial is that there was a conspiracy that others were involved in, but that he was not a part of that conspiracy. His testimony was that he was not a part of the Shule Boys' enterprise or their racketeering scheme, and that any alteration, him doing it on his own independently or in connection with someone named Coach, who was not named as a co-conspirator in the indictment. So, the reason that I was focusing on the overall strength of the government's case is to emphasize that any alteration in the presentation of the evidence may very well, I mean, I think this court can comfortably conclude, may very well have impacted the jury's ultimate verdict. And here, in this case, as Ben Lansky makes plain, in light of the first jury's verdict, the government could not prove that Hicks joined the scheme by reference to evidence that he conspired to traffic in cocaine, nor could the government prove that Coach did. This is going to be my, I think, last question on this point. There was nothing to preclude set aside for a second, the summation reference to the Contreras conspiracy. There was nothing, I think you would agree, to preclude the government from introducing evidence of substantive cocaine or crack cocaine distribution. Is that right? Or certainly of the conspiracy to possess and distribute marijuana, but that's a separate issue. But on the substantive cocaine and crack cocaine distribution evidence, does the double jeopardy or issue preclusion prevent the government from introducing any evidence as to those? Not as to marijuana. The government could introduce evidence of cocaine and cocaine based trafficking on the part of other codependents, if that was channeled for the jurors to establish the scope of the enterprise. But the government could not suggest, as they did, that Hicks participated himself in cocaine or cocaine based trafficking as part of his activity through the enterprise. So you're referring there to the summation? Yes, but also, the summation was exactly that. It summed up the evidence that the government presented and through extensive testimony from Contreras and others, which largely mirrored the testimony presented in the first trial, the government suggested that, in fact, Mr. Hicks personally was involved in cocaine trafficking as part of this racketeering scheme, which is precisely what Zemlansky instructs is inappropriate, given the jury's first verdict. No, but is the racketeering scheme the same thing as the cocaine conspiracy scheme of which he was acquitted? No. So it's two different schemes. Isn't that the point? Well, the way I understand Zemlansky to characterize it, sort of the threshold question is, could you have a racketeering scheme that was broader than any individual conspiracy? And the answer is yes. So then I think the next question here is, was that the government's theory? And in fact, yes, the government's theory in this case is that the racketeering scheme that the Schulboys engaged in, it included marijuana trafficking, cocaine trafficking, cocaine-based trafficking, and murder. But whether or not, I'm sorry, I didn't want to speak over, Your Honor, but I was going to say that what the first jury resolved is, according to the district court, although there may have been these other participants in a cocaine or cocaine-based conspiracy, Mr. Hicks was not one of them. So taking this and putting it in sort of the framework or the language that this court uses in Zemlansky, the Schulboys racketeering enterprise was, according to the government, broader than just the marijuana conspiracy that the first jury convicted on. It was broad enough to include cocaine and cocaine-based trafficking. However, Mr. Hicks was not part of that. Nevertheless, that evidence of cocaine trafficking on the part of other members could have been admissible, but not for the, not for the, only to establish the scope of the enterprise and not to suggest that Mr. Hicks was himself a cocaine trafficking conspirator, which is precisely what not only the summation encouraged the jurors to decide, but it's what Contreras' entire testimony was all about. Judge Parker? Help me understand. If, if, I mean, the, the, the protection against double jeopardy of which this preclusion analysis is a component, you know, is a, is, is firmly embedded in the constitution. I don't understand why a violation of double jeopardy can ever be subject to harmless error. Well, I certainly see the, I certainly see the logic in the court's point. I mean, this is a, this is a serious, this is a serious violation, and it goes straight to the heart of whether or not he was able to not only receive a fair trial, but a trial that was even sort of remotely structured around evidence against him that would have been admissible. And of course, our argument is the constitution firmly says it's, it's not. So I certainly don't think that there's any reason why this court couldn't find or couldn't determine that this was a structural error. And I think You just told us that it was subject to harmless error. Well, yes, Your Honor. I prefer the court view that as a fallback argument. I mean, as I, as I said in the beginning, of course, our primary argument would be that this were a structural error. It has the attributes of other types of structural error because the error so infects the nature of the proceeding that it just colors the entire presentation of proof much, much the same way other structural errors do. If this court disagrees with that, my fallback position would be that it is subject to harmless error, but that we can comfortably meet that given the fact that for example, with a key government witness, given the summation argument, which I've detailed at length in my brief. And by the way, the government too, in its own brief on pages nine through 10 goes through and details the evidence introduced at the second trial that it's evidence suggesting that Mr. Hicks was a cocaine and cocaine based trafficker, which is precisely what the first juror jury acquitted him on. So, go ahead. I'm sorry. I didn't mean to cut you off. Oh, no, Your Honor. Thank you. I was just going to summarize by saying in either case, whether reviewed as a structural error or through the lens of harmless error, it is nonetheless an error that should be corrected by reversal in this case. One more question. Did defense counsel below request any limiting instructions? No, Your Honor. Our argument on that point is that in light of the extensive pretrial litigation on this issue, doing that would have been futile. I mean, the contours of the party's arguments were very well delineated. There were two rounds of written pleading. There was a hearing where the parties presented arguments. The defendant very clearly said, and I will just quote from the appendix 1802 to 3. This is in volume 7. There should be no testimony with regard to whether or not my client was or may have been involved in a cocaine conspiracy, cocaine based conspiracy. In fact, the defendant felt so strongly about this. Judge Menasche. You say that Mr. Hicks was acquitted, but of course he was convicted of the charge of conspiracy to distribute. It's just that the special jury form, they checked only marijuana, not the other substances. Does that make a difference? I mean, usually when we have issue preclusion, somebody's actually been acquitted of a charge. Why should we treat that the same? Well, that is the way that the district court read the verdict, the verdict slip. That is the way the government read the verdict slip in the district court. And it certainly makes sense. A jury that believed that Mr. Hicks was engaged in cocaine. I'm sorry. Excuse me. I didn't mean that. Marijuana, a marijuana trafficking conspiracy with a gentleman referred to as coach would have returned that verdict slip. Now, as the district court notes, I think correctly, Hicks, through his own testimony, suggested that there was nevertheless a cocaine and cocaine based conspiracy that was sort of afoot in the neighborhood. However, he disavowed any participation in that conspiracy. And so the district court fairly, I think, determined that he was acquitted of the cocaine and cocaine based conspiracies. And I don't know that there would really be any other way to answer that. I mean, we haven't really gotten to the severance. And I guess I just wanted to ask one question, which is you identify lots of strategic disadvantages that Mr. Hicks suffered from not having a joint trial, like to argue about relative culpability or to not have the plea read into the record. But he doesn't have a right to any of it. There's no due process right to those things. That's not like something to which he's for rerunning the trial. So I agree that there is no sort of freestanding right to joinder. And I am not asking this court to recognize that. Instead, I'm asking this court to decide that when a court is faced with the decision of whether to join or sever trials and whether to disqualify an attorney, it is appropriate to consider the ramifications of those choices with respect to the defendant. And in this particular case, there was considerable prejudice to Mr. Hicks because the trials were severed. And instead of the remedy that both Mr. Hicks and the government were asking for, which is disqualification of Mr. Botempio, the clearest evidence of this is the fact that because the trials were severed, the government was able to present the testimony of three witnesses, prosecutors or former prosecutors, about the disposition of events alleged as overt acts in the indictment. That is evidence that the government otherwise would not have been able to admit against my client had the trials been joined. And what's more, this issue was flagged for the court at the Curcio hearing. It's simply that it appears the district court at that time erroneously assumed that there would be no introduction of evidence as a result of severance that wouldn't happen if the trials were joined. Thank you. Ms. Drake, you've reserved two minutes for rebuttal. We'll hear from the government. Ms. Richards. Thank you. Thank you, Your Honors. Monica Richards for the United States of America. At the retrial on count one, the issue before the jury was whether Hicks committed Zika conspiracy. That crime was a single object conspiracy. To establish it, the jury considered only whether Hicks knew of and agreed to the general objective of the jointly undertaken scheme. The government did not need to prove that the defendant personally would commit any of the predicate acts. But that said, the first jury's verdict did have a bearing on the second trial, contrary to my opponent's suggestion. Significantly, it removed from the second jury's consideration the issue of whether the statutory maximum that Hicks faced was up to light. What appellant counsel attempted to do is view this case through the lens of an evidentiary issue. First, we had the collateral estoppel issue. And with regard to that, I agree that the court would view that through the lens of a structural error. But what Ms. Hicks, I'm sorry, Ms. Drake is attempting... Okay, then we're done. I'm sorry. Are you saying that the government agrees that this is subject to structural error? In which case... No, only with regard to the issue preclusion question. What Ms. Drake, I wanted to say, Your Honor, has attempted to do is now move this down to a sublevel, which is whether or not the introduction of facts and evidence regarding Mr. Hicks' activities was an evidentiary admission error. So with regard to evidentiary... Okay, let me stop you so that I fully understand what you're saying. There are actually very few structural errors in the criminal context that I'm aware of. And the issue, as I'm sure you're aware, with structural error is that it's virtually automatic reversal. It has very little to do with what the parties say or don't say and what objections they preserve or fail to preserve. It has more to do with the integrity of the judicial process itself. So I want to make sure that I fully understand the government's position. Is the government's position that introducing evidence from a first trial that was the subject of acquittal and that is the subject of collateral estoppel principles and issue preclusion and so on, introducing evidence of that sort in a second trial or referring to that evidence in a second trial in violation of double jeopardy, and we can quibble about whether this actually happened, but in violation of double jeopardy, is subject to structural error analysis? I will tell you, Your Honors, I was not prepared to answer that question to the viewpoint on that specific matter in that specific way, because there was no error here. There was no... No, no, no, no. I don't... That's not my question. I understand. That's what I'm saying to you. I'm not prepared. Right. So that with regard... I'm sorry. Go ahead. I'm sorry. No, I'm a little confused. I thought that you seemed to be a moment ago distinguishing between the charge and the introduction of evidence and the suggestion seemed to me to be that if he had been charged with an offense that would have required, that would have violated issue preclusion principles, that would be structural error, but that a different analysis should apply to the introduction of evidence that there's some different quality to that. Is that what you were saying? Thank you. Yes. So maybe you could just explain that distinction. So that's the problem here, is that what we had here was no problem with collateral estoppel or issue preclusion. Here, the judge after the first trial was asked and answered the question, no, during the second trial, evidence regarding, or the issue rather, of RICO, the RICO conspiracy could proceed in a retrial because the issue of whether or not there was a RICO conspiracy violation was not precluded by the verdict in the first case. It seems like your position is there would be a structural error if the government had charged him in the second trial with a cocaine distribution conspiracy, but introducing evidence that might be related to that to support the RICO conspiracy charge was not error. Then I guess I might ask, well, if you're saying the government couldn't have charged him with it, why should we say that the government can introduce evidence heading to show that he did that, even if it's to convict him of a different charge? Well, because it's black letter law, Your Honor, frankly, that the same fact can give rise. Sorry, I'll wait for the siren, maybe. It's black letter law that the same fact can give rise to multiple charges against the same defendant. And here in the original trial, he was not charged with possession of cocaine. He was not charged with conspiracy to engage in narcotics trafficking generally. And the jury found that specifically with regard to marijuana trafficking for sentences for sentencing purposes, as Judge Menasche, as you noted during my opponent's argument. And that sentencing determination, what that meant for the second trial was what I've already said, I think, which was that the statutory maximum of life imprisonment was removed from consideration at the second trial. So the evidence is whether or not he sold or engaged in certain transactions with other co-conspirators isn't the ultimate issue in the second trial. I'm sorry. I'm sorry. Then what are we what then are we to make of Stanlianski, which is about evidence? So I completely appreciate the issue and the difference, obviously, between charges and evidence. But I read Judge Wesley's opinion in Stanlianski, and I think it's right, in any event, I'm bound by it, as suggesting that there can be a significant double jeopardy clause violation in connection with the introduction of evidence, not a new charge, but evidence. And that is the issue preclusion issue that we have before us. Well, it's the same facts, Your Honor, respectfully, whether or not he sold cocaine on X date would form the basis for multiple charges. It could be just a transaction. It could be just a possession. I'm sorry. It could be just a sale. It could be just possession, and it could be conspiracy. I understand that. But that is the argument. That is an argument that there is no error. The question that I asked was, should we, in assessing how to review error, if it exists, is it structural error or is it harmless error? And you said structural error. And that's important to me. And the government is not prepared to answer that question. I only said that with regard, Your Honor, respectfully, to the issue of collateral estoppel. And here we stop at that. As the district court correctly found, this was not a matter of whether or not the second trial could proceed on RICO conspiracy. It most certainly could proceed on RICO conspiracy, because there the crime, again, is a single object conspiracy. It's not whether or not Mr. Hicks personally engaged in those acts. So it's whether or not he knew that others were doing it. It's whether or not he knew of. And that is the RICO conspiracy component of that. I'm not going to belabor the structural error point, because I don't think you're actually answering my question. But what you are very focused on is there was no error because whatever evidence was introduced didn't relate to his participation in the cocaine or crack cocaine conspiracy of which he was acquitted. It related to the RICO conspiracy. And those are two very different types of conspiracies that are subject to different proofs. Is that right? That's true. And it wasn't necessary, just to add, it wasn't necessary to establish the RICO conspiracy that he participated in any conspiracy. It was just that he knew. Why then, during the summation, and maybe you can explain this, did  the RICO conspiracy involve Mr. Contreras? I was trying to find that. If Your Honor could point me to the page that you're referring to, I'd appreciate it. Sure. It's 2819 to 2820. Primarily 2820 of the Joint Appendix. I'm not sure what volume that is. That may be the second to last, but the ultimate volume. I see. But that's still, Your Honor, if I could, that's furthering the enterprise. I'm sorry that I'm not seeing the exact language, but I do see that it's 2827 to 14. So the defendant knew that he was a member, knew what he was getting into. And that, it seems, there was no objection, but that, it seems, was precisely a reference to precisely the evidence that the district court judge had precluded on the grounds of double jeopardy. And yet it was part of the summation, small part, and not objected to. Clearly, I think, it rested on some evidence, the testimony of some witnesses about the defendant's participation, not in any other conspiracy, but specifically the Contreras cocaine conspiracy. And I guess Mr. Travis is another member. I see what Your Honor is both below, paragraph below and paragraph after. It's argument, and the jury was instructed that argument of counsel is not evidence. And then finally, I think that the evidence that there was a transaction, again, is the same fact, and that's not a fact that was necessarily established by the first jury, because the first jury wasn't asked about trafficking in cocaine. It was asked about conspiracy. So the individual acts, and this is where this case is different than Zemelanski, the individual substantive charges were not asserted or charged at all in this indictment. The indictment, so that the first jury didn't find specifically that that transaction did not occur. The jury was not asked that question, and it certainly wasn't relevant or before the court. Maybe just to clarify, I just want to make this very clear. Let's say hypothetically, and I can assure you I haven't seen this in this record, but let's just say hypothetically that after the first trial, the second, during the second trial, the AUSAs, the prosecutors tried to, and successfully did, introduce significant amounts of evidence. The district court judge was not paying attention. There was no objection, but significant amounts of evidence showing that the defendant, Mr. Hicks, participated in the cocaine conspiracy with Ms. Travis and Mr. Contreras, of which he was acquitted in the first trial. How would we assess that, hypothetically? Well, again, Your Honor, I would suggest to the court, and I hear that Your Honor is not quite buying this, but that those same facts would also lend to individual substantive charges. So a conspiracy takes a number, well, I'm not going to say that. A conspiracy is indeed a separate charge that could arise from the same individual transaction as narcotic trafficking or a conspiracy to traffic in narcotics. So such evidence, Your Honor, frankly, that's what I was trying to say, that was not the issue determined by the first jury. All those facts are relevant to both types of charges. But here, we don't have facts. We have issue preclusion. Let me try to just follow up on Judge Gloyer's point. Let's say trial number one, the only charge was conspiracy to deal cocaine. And Hicks was acquitted of that. He was then re-indicted on a RICO conspiracy charge, but the only objective of the RICO enterprise was to double jeopardy. No, because there you still got the point that it's RICO is not establishing individual acts. The ultimate issue there is whether or not, again, he knew of and agreed to general objective. It's not evidence of whether or not he participated in cocaine conspiracy, in your example, Your Honor, would not be relevant to the determination. It would not be the ultimate issue before the court on the RICO conspiracy. But in the first trial, the first trial, the jury could be understood to have said that he did not enter an agreement with other individuals to deal in cocaine. And then in the second trial, and he was a jury resolved that in his favor in trial number one. But in trial number two, the same evidence is used to convict him of RICO. I know Your Honor understands that's not our case, but what makes a difference is that in the first case we had conspirators who were, he was indeed convicted of narcotics conspiracy. We don't know which specific facts or agreements or events the jury found or didn't find that he was involved in because there was no substantive charge. So with the second trial, honestly, the RICO conspiracy, it can't just be the RICO. It couldn't just be, I don't think, charged on cocaine conspiracy. Like that couldn't be the enterprise. It's different. It's whether or not it still would be whether or not he knew of that enterprise, whether or not he actually engaged in a transaction that incriminated him in conspiracy wouldn't be the issue. So I'm sort of having a hard time with your honors. I could actually understand. I actually understood. I actually understand that. And this is, I think, clear law that the government can reuse evidence from the first trial to prove the guilt of the defendant in the second trial of a different violation, different charge, different conduct. In the context of this case, first you had a district court judge who said you should not, you cannot use the evidence, right? As I understand it, you cannot use the or argue that he participated in this particular cocaine conspiracy. I think that that's what he said. I'm sorry. I'm not sure where that references your honor. And so so in the his opinion in connection with ferreting out this double jeopardy issue, I thought that he said you, the government cannot use the fact that he participated in this cocaine conspiracy because you're precluded as a result of the double jeopardy. I thought that I'm sorry that I'm not seeing it. I'm not doubting your honor, but I, well, I am doubting, but I don't think, sorry. I don't, I don't see that. What I do see is the judge said I'm just flipping through here that the judge found that there were other means that we don't know on what basis the jury determined that it would not check the box with regard to cocaine and cocaine based drugs. I don't see that your honor. I'm sorry. I will find it. Go ahead. Judge. All right. Can I. So you're saying rightly that the same evidence can be relevant to different charges and that Rico requires a different showing than cocaine conspiracy, which is right. But I think you can see that if you were to introduce all the evidence of a cocaine conspiracy and then say by virtue of his participation in the cocaine conspiracy, he should be convicted of Rico conspiracy. It might be a problem. But I think I heard you a moment ago saying that that's not what you did, that your position is, well, there's some similar evidence. We introduced evidence of individual drug transactions that was relevant to the Rico conspiracy charge, but we were not asking the jury to find everything that would be required for a cocaine conspiracy charge. And so even if there's some overlapping evidence that it can't be tantamount to a retrial for cocaine conspiracy because we didn't introduce evidence of the So if the jury bought all your evidence, you still couldn't be convicted of a cocaine conspiracy. Is that what you're saying? Well, right. Is that. Thank you, Your Honor. Yes. And that wasn't the issue before them. It wasn't. We did not. The government did not have to show that he participated in a cocaine conspiracy. That wasn't the question that was asked. Right. So I think maybe you would agree that if you put in all the evidence and you said, well, he was involved in a cocaine conspiracy. And so ipso facto, because this was a larger organization, he should also be convicted of Rico conspiracy. That might be a problem. It would conflict with a previous acquittal for cocaine conspiracy. But you're saying that the evidence did not completely overlap, that the evidence you presented would not be sufficient for a conviction for cocaine conspiracy, but only a Rico conspiracy. And therefore, you don't know if that I'd like to say, yes, I got a little lost, honestly. I'd like to say, yes, that that's true, because we wouldn't say that in the second trial. We wouldn't. We wouldn't. Each of those transactions in some could prove possession, could prove sale and or could prove conspiracy. But to introduce that same evidence for the second trial. Right. So you're saying that he could be. It's not the only logical conclusion, but would it be possible a jury looking at the evidence that you introduced could acquit him of cocaine conspiracy, but convict him of Rico conspiracy? Well, that's what could have happened in the first trial here. Yeah. And what what let me just follow up on that first. Let me follow up on that. If there were a significant and I use that word deliberately significant possibility that the jury in the second trial relied on his participation in the cocaine conspiracy of which he'd been acquitted in determining that he was. And in fact, that was really the only thing. This is reflected, say, in a special verdict. The only thing that they relied on in determining that he was guilty of participating in a legal conspiracy, your view is that's not an error. That's not a double jeopardy error. I have such a hard time with that example, Your Honor, because that's not what a legal conspiracy would do would look like. Well, there's an enterprise. It would be an enterprise, not a specific Rico conspiracy. I know. I know. I know. I know. I know. But as a practical matter, it's you know, the ultimate point is that he agrees to a racketeering enterprise, not to some other underlying conspiracy. And he doesn't need to or the government doesn't need to prove that he participated in any predicate acts. I understand that. But if the entire thrust of the government's argument was he and this goes back to something that Judge Parker asked was that he participated in this large scale conspiracy, cocaine and cocaine based conspiracy, and that was part of this Rico enterprise. Wouldn't that be problematic? Maybe the answer is no. Then, of course, we go back to the higher level question about how we review that. You're saying it would not be problematic because it's a separate charge. I'm saying it would not be problematic because the same evidence also establishes those individual transactions, also established sale, also established possession. And all of that evidence would be relevant to whether or not he knew and agreed to the general objective of the jointly undertaken scheme. So the conspiracy and scheme like that to me is where I don't want to be pushed into a corner I shouldn't be pushed into because it's different. That same evidence would prove all of that. Possession, sale and conspiracy. Let me ask you this. Suppose first trial didn't involve marijuana, just cocaine. Conspiracy to possess, conspiracy to distribute and so forth, cocaine. If the government in the second trial in pursuit of a Rico conviction introduced nothing other than what it had introduced in trial number one, would that be no? In other words, were they free to do that? Yes. Were you free to do that? Yes, because again, the fact the evidentiary fact of whether or not the defendant himself participated is not the issue in the second trial. Why don't we hear. So there was no there was no way. Sorry, I have I just have two quick questions. So but there was evidence that he introduced evidence that he did participate, though. You're just saying that you didn't ask the jury to necessarily make a conclusion about that. That's right. That is definitely not the issue that the jury was presented with in the Rico. Right. But but but it doesn't mean that the case that you're building against him does seem to be based on that factual finding. Those are the facts you're introducing, you know, on which the jury would base its Rico verdict, wouldn't it? Cocaine transactions are on a respectfully cocaine transactions. I think I have that. I have the other I have the other the other question that I had asked to opposing counsel. So normally for issue preclusion to apply, somebody has been acquitted of a charge. But here he was convicted of conspiracy to distribute. And we just know about this cocaine issue because of the special jury form. So should we treat that as an acquittal? Is that is that the same thing? Do you agree that a preclusion applies because he was essentially acquitted of the cocaine conspiracy? I only agree that the matters of sentencing, it applies. And that's what I said. It's not to say the first jury's verdict didn't have any bearing on the second. It did remove from the second jury's consideration whether the statutory maximum Hicks faced got bumped up to life or not. So that that's as far as it went with regard. You're saying that there isn't even so that you're saying you could have even charged him with cocaine conspiracy in the second trial because the only decision of the jury was about sentencing. It was not an acquittal. Is that right? I don't know about that. I mean, this was all one indictment. Again, Your Honor, that's not really a that wasn't really something that we would have done here. That's not this was one indictment that did charge him. I know you wouldn't. I'm just I'm just asking whether the issue the issue preclusion even applies because one of the factors for it applying is that the issue has to be conclusively decided in the defendant's favor in the first trial. And I think you're suggesting the issue was not conclusively decided in his favor because it was not the actual jury verdict. So, I mean, it's your position that you're introducing the evidence for another purpose, but the restriction shouldn't even apply because the conclusion doesn't apply here that you think that I have to think about that for longer than I want to right now. But no, I would think right. I don't think we could have instituted a new superseding indictment charging him again with narcotics conspiracy and also the enhancement the sentencing enhancement for cocaine now. Okay. If there's I would like to go way over on the issue. So, yes, your honor. So, the district where I'm just reading the opinion again, of course, denied. And that's what I think that's my mistake. Your request to preclude evidence. And your point is that that was a mistake in that the evidence that did come in through Mr. Contreras and the argument that was made, at least in a very brief passage during summation introduced evidence of acquitted conduct from the first trial. And that's the error that you identify or want us to identify. Is that right? Yes, your honor. It's right that we did get an adverse ruling. It's our contention that in light of the court ruling before the second trial that there would be no perclusive effect except for perhaps the sentencing effect that the argument that the government is continuing to promote now that objecting mid trial would have been futile. I would if I could take issue with the court suggestion that this was sort of a brief reference during summation to his involvement. My client's alleged involvement in cocaine and cocaine trafficking. I mean, it permeated the trial. That was the thrust of Contreras' testimony. And this goes to why I believe the government's argument about how this was just individual discreet acts of cocaine trafficking. As I understand their argument and therefore there's no issue perclusion problem. What the government is leaving out is that it presented evidence he was engaged in this cocaine trafficking with the very co-conspirators But we have we have said, as I said, or suggested to Ms. Richards, that the government can reuse evidence from the first trial to prove the guilt of the defendant in the second trial of a different charge. And that, I think, is her ultimate. And I was asking about structure versus I'm going to say I'm not going to ask that again. But that that is done with the N.C. which is Wesley's opinion. That is you know, the long line of cases. Yes. That's what happened here. No, Your Honor, I agree. Of course, I agree that the government could reuse the evidence, as I stated in my opening remarks. The government could have used evidence of cocaine trafficking in the second trial to establish the scope of the enterprise or to establish the pattern. What it couldn't do is use evidence that Hicks himself was a cocaine trafficker in order to prove that Hicks joined or in order to establish that Hicks himself was guilty of the pattern element. And that is precisely the way in which the government used that argument as a detail on pages 63 and 64 of my brief. And as I say again, as the government cites the evidence in this regard that it introduced on pages 9 through 10 of its brief. If I might just address the distinction that I think the government is trying to draw between issue preclusion being about evidence and not a charge. What I want to say about that, if I could, is that there are two separate strands of double jeopardy jurisprudence. One does go to the ability to bring another charge. That's what I'll call the blockburger line. The issue preclusion does go to the ability of the government to reuse evidence. So the distinction that the government wants to draw between an evidentiary issue and an issue preclusion issue. It's not just to reuse evidence. It's to reuse evidence to decide a certain issue, right? Like the issue is precluded, not individual pieces of evidence. And so what about the government's argument that you did not need to decide all the issues so as to amount to a cocaine conspiracy charge in the second trial? They were not asking the jury to do that. It would be possible for the jury in the second trial, if he were hypothetically charged with both, to acquit him of cocaine conspiracy but convict him of retail conspiracy. And so even if the evidence overlaps, the issues don't. What about that? Well, we agree with that, which is why we, Mr. Hicks, conceded below. And I do, too, on appeal that the regal conspiracy charge could be retried. It could be brought in. The government could use evidence of cocaine trafficking. But and I don't I don't mean to be repetitive. But as your honor points out, it's the way in which that evidence would be. It's the issue to which that government that evidence was sort of pigeonholed that is the problem. So when the district court was preparing for the second trial, should he have required the government to lay out the case to make sure that it wasn't going to try to prove regal conspiracy by way of cocaine? How do you address this problem? So if if we were to say that it's a problem, but that it is permissible to try him for retail conspiracy, what sorts of constraints were necessary that this record failed to provide? Because some of the evidence you acknowledge could be provided, it seems like you think that the theory would have had to be modified in some way. I think that the way in which the defense was precisely right, which is to say that in the second trial, there should be no evidence that Mr. Hicks was a cocaine trafficker. And had the district court agreed with that, then and everyone abided by it, then there wouldn't be a problem because it still allows for the possibility that the government could use evidence of cocaine trafficking with respect to other alleged members of the enterprise. There would have been some evidence, right? Some of the evidence would overlap, right? So if the government could somehow introduce evidence of the individual transactions without suggesting there was coordination or a larger conspiracy, maybe they could do that. That wouldn't establish conspiracy, right? So you can't just have a bar on all evidence that would tend to show a conspiracy. There'd have to be some other kind of constraints because I think you agree that the same evidence can be relevant to both charges. So to say that no evidence that would tend to show cocaine conspiracy can be introduced at the RICO conspiracy trial, that would seem to be overbroad, wouldn't it? Right. And I think what your Honor's question is getting at, if I understand it, and I apologize if I'm not, is what the government is trying to tug at. But what I struggle with is how that could possibly be the case. So, for example, if the government wanted to say, okay, fine, given, now recall, given the way that the narcotics conspiracy is and the conspiracy with all of the other co-conspirators, but if the government wanted to say, well, nevertheless, we know that Mr. Hicks is a cocaine trafficker because he trafficked in cocaine with, you know, John Doe. I don't see, I mean, I suppose. So here's, and I gave Ms. Richards, the government, a little bit of a hard time about this, but Zemlyansky seems to support the position that the government can reuse evidence so long as it's not for the specific purpose of proving conduct of which he was previously acquitted. That is proving, you know, that conduct of his participation in the conspiracy here in the first trial. But there's nothing to prevent the government from seeking to reuse evidence for the specific purpose of proving other misconduct here, the RICO conspiracy. And I think that that's the holding in Zemlyansky. So here we, let me see if I can find the wording. The government is free to charge a defendant with new crimes arising out of the same conduct. It may not prove a new charge by asserting facts necessarily determined against it on the first trial. So I, the charge, the fact that there is a different charge in the second trial here makes a significant difference. That's what the government was trying to prove up. And they, I think it was free to use evidence of the cocaine, well, certainly of the cocaine trafficking and also maybe of his own participation in connection with proving a separate charge. Why isn't that, isn't that the reading that we should all draw from Zemlyansky? No, Your Honor. I think Zemlyansky says something slightly different. So I agree with the overarching notion that the evidence to a degree could be reused. I think Zemlyansky would dictate that here the government could prove, it could prove that Hicks knew that the Shule Boys organization engaged in cocaine trafficking and it could prove that other members of the enterprise trafficked in cocaine. I think that proof of cocaine trafficking by other members was admissible to prove Hicks' knowledge of the overall goals of the organization or to prove the pattern element. The problem is the government did not use the acquitted conduct evidence in that way. Instead, the government used the evidence exactly how Zemlyansky says it may not be used. To borrow the framing that Judge Manasci used, the issue to which they used that evidence was to prove that Hicks joined the scheme and that Hicks himself committed a pattern element because he himself conspired to traffic in cocaine. And those two things are precisely what Zemlyansky says you may not use acquitted conduct for. To put it more simply, he was acquitted. But the government didn't precisely ask that, right? So yeah, as you were just about to say, he's acquitted of being a cocaine conspirator. The government did not ask the jury to find that he was a cocaine conspirator, right? It's using the individual pieces of evidence to establish other things about him. And the only thing we know that the jury decided is that he wasn't a cocaine conspiracy. We don't know that the jury decided he didn't engage in those transactions. We don't know the jury decided he didn't coordinate with other people in some way. There's no piece of evidence that we know the jury decided was not credible or false. So there isn't a direct contradiction with the jury's decision, is there? Did the government ask the jury, the second jury, to find something that the first jury rejected? The government suggested to the second jury that they could convict him of a RICO conspiracy charge because he joined the enterprise to traffic in cocaine and because he himself was guilty of one of the patterns, the overt acts alleged in the indictment. And I go back to the fact that this is not just simply, count two is not just simply a conspiracy to engage in narcotics trafficking in the abstract. It's a conspiracy to engage in cocaine and cocaine-based trafficking with the very co-conspirators who are supposedly part of the Shul Boys enterprise. Thank you. Thank you very much.